## CAMPBELL-BRUCE OIL COMPANY v GREEN

### OPINION OF THE COURT

1. CONTRACTS—RESTRAINT OF TRADE—CUSTOMER ROUTE—SALE—GOOD WILL.

Defendant's sale to plaintiff oil company of a list of customers whom he had served while employed by another oil company was not a sale of good will within the statutory exception to the restraint of trade statute where the good will, if any, belonged to the other oil company, not to defendant, who sold only his ability to obtain customers, which is not a sale within the statutory exception (MCLA 445.766).

### DISSENT BY O'HARA, J.

2. CONTRACTS—RESTRAINT OF TRADE—CUSTOMER ROUTE—SALE—GOOD WILL.

*Defendant's development of an oil customer route was a trade pursuit, if not a business, to which good will was attached, and was therefore within the exception to the restraint of trade statute, and plaintiff oil company, which had paid $2,000 to defendant for his customer list, was entitled to a permanent injunction to prevent defendant from doing what he had contracted not to do in the sale of the list, that is, engage in the same business or pursuit in the same area in competition with plaintiff (MCLA 445.766).*

Appeal from Menominee, Ernest W. Brown, J. Submitted Division 2 May 11, 1972, at Grand Rapids. (Docket No. 12265.) Decided July 25, 1972.

Complaint by Campbell-Bruce Oil Company against Leslie Green and Beatrice Green for

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 55 Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Business Practices §§ 522, 708, 709.

breach of contract. Judgment for defendants. Plaintiff appeals. Affirmed.

*Anuta & Minerman,* for plaintiff.

*Nino E. Green,* for defendants.

Before: R. B. Burns, P. J., and Holbrook and O'Hara,* JJ.

R. B. Burns, P. J. The issue in this case concerns the legality of defendant Leslie Green's contractual promise to refrain from competing with plaintiff upon termination of his employment.

Prior to employment with plaintiff defendant was a tank wagon delivery driver for Standard Oil Company and in that capacity developed a customer route. While employed by plaintiff defendant agreed in writing to sell his customer route to plaintiff for $2,000 subject to the following condition:

"That should Leslie Green leave the employment of the Campbell-Bruce Oil Company he will not directly or indirectly engage in any business of the type or kind heretofore conducted by the Campbell-Bruce Oil Company for a period of five (5) years within a radius of fifty (50) miles from the City of Menominee, Menominee County, Michigan, nor shall he interfere in any way with the business of the Campbell-Bruce Oil Company."

Approximately 2-1/3 years after execution of the restraint agreement defendant was either discharged from or quit plaintiff's employ and began distribution of petroleum products within the proscribed area mentioned in the agreement. The briefs and records do not clarify whether defend-

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ant is now an independent distributor or employed by another company. In any event defendant claims, and the trial court agreed, that the contractual clause in question violates § 1[1] of Michigan's restraint of trade legislation:

"All agreements and contracts by which any person, copartnership or corporation promises or agrees not to engage in any avocation, employment, pursuit, trade, profession or business, whether reasonable or unreasonable, partial or general, limited or unlimited, are hereby declared to be against public policy and illegal and void."

Section 6[2] of the restraint legislation provides that certain contracts in restraint of trade are excepted from the all-inclusive language of § 1 and according to plaintiff § 6 validates the agreement in question:

"This act shall not apply to any contract mentioned in this act, nor in restraint of trade where the only object of restraint imposed by the contract is to protect the vendee, or transferee, of a trade pursuit, avocation, profession or business, or the good will thereof, sold and transferred for a valuable consideration in good faith, and without any intent to create, build up, establish or maintain a monopoly * * * ."

The plaintiff is unable to prevail in this case because:

Defendant formerly was an employee of the Standard Oil Company where he serviced customers of that company, and in rendering such service he compiled a list of the clientele which he purported to sell to plaintiff; these customers belonged to Standard Oil and not to defendant.

If there was any good will under these circum-

[1] MCLA 445.761; MSA 28.61.
[2] MCLA 445.766; MSA 28.66.

stances, it belonged to Standard Oil Company and not to defendant.

Defendant sold only his ability to obtain customers from the list that he submitted to plaintiff.

The sale of this list or his ability to obtain customers is not within the exceptions of the statute.

Affirmed. Costs to defendants.

Holbrook, J., concurred.

O'Hara, J. *(dissenting).* I come to a diametrically opposite conclusion in this case than do my colleagues.

To understand the position I take I must quote from the agreement between the parties more fully than does the majority opinion. Firstly, I must include an excerpt from one of the prefatory paragraphs of the agreement:

"Whereas Leslie Green at one time a tank wagon delivery driver for Standard Oil Company, *developed a customer route during his tenure with that company * * * .*" (Emphasis added.)

Next I quote from the agreement clause proper:

"It Is Therefore Agreed:
"That Campbell Bruce Oil Company will pay Leslie Green the sum of $2,000.00 (Two Thousand Dollars) in compensation for the customer route initially developed and presently being served by him."

Next I quote from the exception to the involved statute prohibiting agreements in restraint of trade:

"This act shall not apply to any contract * * * where the only object of the restraint imposed * * * is to

protect the vendee, or transferee, of a trade pursuit, avocation, profession or business, or the *good will thereof, sold and transferred for a valuable consideration in good faith* * * * ."

It seems to me that "developing a customer route" must be at least a "pursuit" if not a "business". Manifestly, there was good will attached thereto, two thousand dollars worth, which the plaintiff paid and the defendant accepted. Then the defendant did exactly what he contracted not to do by engaging in the same business or pursuit in the same area in competition with the plaintiff. To me it appears, as is sometimes said by one of the ethnic groups of the North Country, "By Gar dare should be some law for dat". And I think there is. Defendant sold the fruits of his efforts. Plaintiff paid for them. There was no violation of the statute. The facts could hardly be tailored more accurately to fit the quoted statutory exception.

I would reverse and remand to the trial court for entry of the prayed permanent injunction, and for further proceedings for the computation of plaintiff's claimed damages.

I would award costs to the plaintiff.